# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, }<br><br>  Plaintiff, }<br><br>v. }<br><br>HIGHWAY 55, LLC, et al. }<br><br>  Defendants. } | Case No.: 2:10-CV-00246-RDP |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Default Judgment against Defendant Highway 55, LLC (Doc. # 27), filed November 24, 2010. The Clerk of the Court entered default against Defendant Highway 55 on April 8, 2010.  (Doc. # 11).  Plaintiff's claims against all other Defendants have been dismissed.  (Docs. # 15 and 26).

This action was commenced on February 2, 2010.  (Doc. # 1).  A copy of the summons and complaint was served on Defendant Highway 55 on February 3, 2010.  (Doc. # 6).  To date, Defendant Highway 55 has neither filed anything with the court in its defense nor contacted the court in any manner about this case, despite being served with a summons and a complaint.

Plaintiff now seeks a Rule 55(b) default judgment against Defendant for monetary damages in the amount of $426,934.00.  (Doc. # 27).  This amount represents the amount of undischarged liability under bonds issued by Plaintiff, over which Defendant Highway 55 issued a General Contract of Indemnity ("GCI") in favor of Plaintiff.   (Docs. # 1, 3-A, 3-B, and 27-1).

Rule 55 (b) states:

(b) Entering a Default Judgment.

    (1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

    (2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed.R.Civ.P. 55(b). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

2

made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant Highway 55 is appropriate because the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Defendant Highway 55 is not an infant or incompetent person (Docs. # 10-1 and 27-1), and that Defendant has failed to make payments owed pursuant to a GCI in favor of Plaintiff. (Docs. # 1 and 27-1). Upon Rule 55 default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The affidavit testimony demonstrates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the amount of undischarged liability under bonds issued by Plaintiff, over which Defendant Highway 55 issued a GCI in favor of Plaintiff, *i.e.*, $426,934.00. (Docs. # 1, 3-A, 3-B, and 27-2). Accordingly, Rule 55(b)(1) – and not 55(b)(2) – governs this case. Moreover, because these damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed.R.Civ.P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Based upon the court's review of the affidavit testimony and its study of the relevant case law, Plaintiff's Motion for Default Judgment (Doc. # 27) is due to be and hereby is **GRANTED**. Plaintiff

is due to recover from Defendant the sum of $426,934.00.  A final default judgment in favor of Plaintiff and against Defendant that is consistent with this order will be entered separately.

      **DONE** and **ORDERED** this    29th    day of November, 2010.

                                                        **R. DAVID PROCTOR**
                                                       UNITED STATES DISTRICT JUDGE